**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ALLEN E. VAUGHN, JR.,             )<br>                                                 )<br>                    Plaintiff,      )<br>vs.                                          )         1:11-cv-0979-JMS-TAB<br>                                                 )<br>INDIANA DEPT. OF CORRECTION, et al.,  )<br>                                                 )<br>                    Defendants.     ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

Allen E. Vaughn, Jr., an inmate at the Pendleton Correctional Facility, filed this civil action against the Indiana Department of Correction ("DOC"), the Pendleton Correctional Facility ("Pendleton"), Linda A. VanNatta, Larry Fowler, Albert Potter, and Wayne Scaife.

**I.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

"A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Pro se complaints such as that filed by Vaughn are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).

## II.

The complaint fails to provide sufficient allegations to set forth a legally sufficient claim. For example, Vaughn alleges the defendants are all acting under color of state law and "continue to recklessly censor, copy, delay and enforce their destructive behavior that deprived plaintiff of his civil rights, privilege or immunities protected by the Constitution and laws of the United States." Complaint, dkt. 1 at p. 2. This description is grandiose, but uninformative. As the Supreme Court has explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)(quoting *Twombly,* 550 U.S. at 555 & 557).

The complaint is dismissed for failure to state a claim upon which relief can be granted.

## III.

The dismissal of the complaint will not, in this instance, result at this point in the dismissal of the action.

The plaintiff will be provided an opportunity to file an amended complaint. He shall have **through January 8, 2013,** in which to do so. In submitting an amended complaint, the plaintiff shall conform to the following guidelines:

- ! The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."

- ! The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

The plaintiff is **notified** that the amended complaint will completely replace and

supersede the original complaint. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

### III.

If no amended complaint is submitted, the action will be dismissed consistent with the ruling in Part II of this Entry. If an amended complaint is filed as directed, it too will be subject to screening pursuant to ' 1915A.

**IT IS SO ORDERED.**

Date:  12/18/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

ALLEN E. VAUGHN, JR.
103933
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064